**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4324
_____

NORMAN SHELTON,
                                        Appellant
v.

A. JORDAN; WARDEN LEWISBURG USP;
CHAMBERS; A.W. YOUNG

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-00059)
District Judge:  Honorable William J. Nealon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 10, 2015
Before:  GREENAWAY, JR., SCIRICA and RENDELL, Circuit Judges

(Opinion filed: August 25, 2015)

_____

OPINION*
_____

PER CURIAM

     Norman Shelton, a federal prisoner, appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

corpus under 28 U.S.C. § 2241.  For the following reasons, we will affirm.

In his § 2241 petition, Shelton asserted that he was found guilty of numerous prison disciplinary offenses between 2009 and 2012.  Shelton claimed that, as a result, he "has lost over 400 days" of good conduct time (GCT).  He alleged that these sanctions were excessive in violation of the Eighth Amendment and that the Bureau of Prisons (BOP) disallowed more GCT than permitted under the Sentencing Reform Act and applicable regulations.  The District Court dismissed the petition, holding that "the sanction is not sufficiently severe to implicate Shelton's Eighth Amendment rights" and that the BOP correctly calculated and applied the total amount of disallowed GCT. Shelton timely appealed.[1]

The Eighth Amendment is violated only when a punishment is grossly disproportionate to the severity of the offense.  See Rummel v. Estelle, 445 U.S. 263, 271-74 (1980).  To the extent that a loss of GCT can constitute an Eighth Amendment violation, Shelton's punishment was not excessive in relation to the underlying offenses. The record indicates that between September 2009 and September 2012, Shelton was found guilty of fourteen "high category" (200-level) violations and four "moderate category" (300-level) violations.  His offenses included assault, fighting, sexual proposals, and bribery.  The disciplinary hearing officer sanctioned Shelton to the loss of 27 days of GCT for each "high category" offense, and to the loss of 14 days of good

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).  We exercise plenary review over the District Court's legal conclusions and review the District Court's

2

conduct time for each of two "moderate category" violations; no loss of GCT was imposed for the remaining two "moderate category" violations. The relevant regulation provides for disallowance of 14-27 days of GCT for "high category" offenses, and the disallowance of 1-14 days of GCT for "moderate category" offenses. See 28 C.F.R. § 541.13, Table 3 (2010); 28 C.F.R. § 541.13, Table 1 (2012). Given the severity of Shelton's offenses, and because the sanctions fall within the applicable range permitted by the regulation, we conclude that the punishment here did not violate the Eighth Amendment. See United States v. Newby, 11 F.3d 1143, 1145 (3d Cir. 1993) ("Newby's loss of one thousand days good time credits may at first glance appear to be harsh; however, on examination it is necessary in order to bring home to him and others the importance of continued good behavior.").

In addition, contrary to Shelton's contention, the total GCT loss did not exceed the number of GCT days that he is eligible to receive each year. Because Shelton's underlying offenses occurred in 1992, his GCT calculation is governed by the Sentencing Reform Act. Under that Act, an inmate can earn up to 54 days of GCT "at the end of each year of his term of imprisonment." 18 U.S.C. § 3624(b) (1988); 28 C.F.R. § 523.20(a). Notably, "[s]uch credit toward service of sentence vests at the time that it is received. Credit that has vested may not later be withdrawn, and credit that has not been earned may not later be granted." § 3624(b). The Government acknowledged that "[t]he most GCT an inmate sentenced under the [Sentencing Reform Act] may be disallowed

findings of fact for clear error. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

each year is 54 days." Second Supplemental Resp. to Pet. for Habeas Corpus, Ex. A, ¶ 7

(Dist. Ct. Doc. 53-1). Here, between September 2009 and September 2010, the

disciplinary hearing officer sanctioned Shelton to the loss of 176 days. Between

September 2010 and September 2011, he was again sanctioned to the loss of 176 days.

And between September 2011 and September 2012, he was sanctioned to the loss of 54

days. But, as reflected in Shelton's sentencing monitoring data, during each of those

periods only 54 days of GCT were disallowed. Thus, although Shelton was sanctioned to

a total loss of 406 days between September 2009 and September 2012, the BOP

disallowed only 162 days of GCT.[2] Therefore, the BOP properly calculated Shelton's

GCT.

　　　For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[2] The additional 244 days of sanctioned GCT loss were neither subtracted from Shelton's previously vested GCT nor applied to his future GCT earnings.

[3] Shelton's motion for appointment of counsel is denied.